IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHERYL D. BOWDEN-WALKER             PLAINTIFF

V.             CIVIL ACTION NO.: 3:14cv917CWR-FKB

WAL-MART STORES, INC.             DEFENDANT

[FILED stamp: SOUTHERN DISTRICT OF MISSISSIPPI, FILED NOV 26 2014, ARTHUR JOHNSTON, BY ___ DEPUTY]

## COMPLAINT
### JURY TRIAL DEMANDED

**COMES NOW,** Plaintiff, Cheryl D. Bowden-Walker, and brings this action against her former employer, Wal-Mart Stores, Inc. Plaintiff is seeking monetary, declaratory relief and injunctive relief. As more specifically set forth below, Plaintiff has been subjected to disability discrimination in the terms and conditions of her employment with Defendant. The actions of the Defendant are in violation of the Americans with Disabilities Act of 1990, as amended, and the Family Medical Leave Act of 1993, as amended.

### THE PARTIES

1.     Plaintiff, Cheryl D. Bowden-Walker, is an adult female resident of Hinds County, Mississippi residing at 54 Copperfield Court, Jackson, MS 39206.

2.     Defendant, Wal-Mart Stores, Inc. is a Delaware Corporation doing business in Mississippi and may be served with process through its Registered Agent, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

### JURISDICTION

3.     This court has federal question and civil rights jurisdiction for actions that arise under the Americans with Disabilities Act of 1990 (ADA) and the FMLA.

4. This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court.

5. Plaintiff timely filed a Charge of Discrimination with the EEOC on December 27, 2013, a true and correct copy of which is attached as Exhibit "A." On October 30, 2014, the EEOC issued a Dismissal and Notice of Rights, a true and correct copy of which is attached as Exhibit "B." Plaintiff timely files this cause of action within ninety (90) days of receipt of her Dismissal and Notice of Rights.

## STATEMENT OF FACTS

6. Plaintiff was hired by Defendant in March 2012 in asset protection and was subsequently promoted to assistant manager of the entertainment department.

7. In September 2013 Plaintiff went on FMLA leave due to severe pain in her feet caused by severe tendonitis and peripheral neuropathy. Her LOA was approved by Defendant for 9/14/13 - 12/18/13 to return to work on 12/19/13.

8. On 11/19/13, Plaintiff submitted to Defendant an accommodation request along with additional requested information on 12/3/13.

9. Defendant inexplicably denied Plaintiff's request citing that her restrictions were an essential function of her job.

10. Plaintiff subsequently requested a copy of her job description which revealed that her restriction was not an essential function of her job.

11. Plaintiff then spoke with Yvonne Stephens, ASC Manager, who stated that Plaintiff's job was coded Door Greeter which allegedly merited the denial. However, Plaintiff's denial letter had her listed as an Assistant Manager, so she faxed a request

for reconsideration and was approved for a reasonable accommodation with a scooter by Wal-Mart's ASC Department on December 17, 2013.

12. When Plaintiff returned to work on 12/19/13, Store Manager, Luke Gleason told Plaintiff that he was not aware of any alleged reasonable accommodations, so she showed him her documentation of approval.

13. Mr. Gleason supposedly faxed the documents to Melody Ezell with Market HR Office and told Plaintiff to report to duty. Defendant then forced Plaintiff to work without an accommodation even though it violated her doctor's restrictions.

14. Plaintiff requested to do administrative duties since the store did not have the scooter but was told to work the floor.

15. Plaintiff was forced to again work against her medical restriction on 12/20/13.

16. When Plaintiff was questioned by the Store Manager, Luke Gleason, as to what was wrong with her, she advised that she was hurting since she had to work outside of her restrictions. The Store Manager told her she was "traveling in unchartered waters." A few minutes later, Plaintiff was told by the Store Manager that she had to leave the property per the Market HR Manager's request.

17. Plaintiff called the Market HR Manager, Regina Hosey, and reminded her that she was an Assistant Manager and that there were "essential functions" of her position that she could perform, such as making schedules. She also requested Temporary Alternative Duty to either answer phones or greet customers at the door instead of being sent home. She expressed her concern about her rights pursuant to the ADA and FMLA being violated by being sent home.

18. Ms. Hosey stated that Plaintiff could meet with her and the Regional HR Manager on Monday 12/23/13 even though Plaintiff was scheduled to work on 12/20, 12/21 and 12/22.

19. Plaintiff sent an email to the Regional HR person addressing her concerns, and she responded that she would see Plaintiff on 12/23/13. When Plaintiff returned to work on 12/23/13, Plaintiff was abruptly terminated for alleged gross misconduct based on an alleged sexual harassment claim that had previously been investigated and found to be "unfounded."

20. Plaintiff has been wrongly discriminated against because of her disability in violation of the Americans with Disabilities Act in that Defendant totally failed to engage in the interactive process to reasonably accommodate Plaintiff's restrictions. In addition, Defendant retaliated against Plaintiff for taking properly documented and approved FMLA leave.

## CAUSES OF ACTION

### COUNT I - VIOLATION OF THE ADA
### FAILURE TO MAKE REASONABLE ACCOMODATIONS

21. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 20 above as if fully incorporated herein.

22. The Defendant violated the ADA by arbitrarily refusing to reasonably accommodate the Plaintiff's request for reasonable accommodations based on her disability.

23. The Defendant violated the ADA by arbitrarily terminating her employment.

4

24. The unlawful actions of the Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## COUNT II - FMLA RETALIATION

25. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 24 above as if fully incorporated herein.

26. Defendant violated the FMLA by terminating Plaintiff in retaliation for taking properly documented and approved FMLA leave.

27. The unlawful actions of the Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY PRAYS** that the Court cause service to issue in this cause upon the Defendant and that this matter be set for trial. Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

1. Reinstatement or front pay in lieu of reinstatement, back pay, lost benefits, and other pecuniary losses proximately caused by Defendant's unlawful conduct;

2. Compensatory damages against Defendant in an amount to be determined by the jury;

3. Liquidated damages against Defendant;

4. Interest;

5. Punitive damages against Defendant in an amount to be determined by the jury;

6. All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees and reasonable attorney's fees allowed under the ADA and FMLA;

7. Such further relief as is deemed just and proper.

THIS the 26th day of November 2014.

Respectfully submitted,

CHERYL BOWDEN-WALKER, PLAINTIFF

By: _____
Louis H. Watson, Jr. (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216-4972
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com