IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **CHERYL D. BOWDEN-WALKER** ] | |
| Plaintiff, ] | |
| ] | Civil Action No. |
| ] | |
| ] | 3:14-CV-917-CWR-FKB |
| ] | |
| V. ] | |
| ] | |
| **WAL-MART STORES EAST, LP** ] | |
| Defendant. ] | |

**MEMORANDUM IN SUPPORT OF MOTION BY U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION TO QUASH AND/OR MODIFY SUBPOENA AND MOTION FOR PROTECTIVE ORDER**

The U. S. Equal Employment Opportunity Commission (hereinafter, the "Commission" or "EEOC"), by and through its attorneys, has moved this Court, pursuant to Rule 45, Federal Rules of Civil Procedure, to quash the Subpoena to Produce Documents, Information, or Objects or To Permit Inspection of Premises in a Civil Action, which is attached as "Exhibit A" to the EEOC's Motion to Quash and/or Modify Subpoena and Motion for Protective Order filed contemporaneously herewith. Defendant Wal-Mart Stores East, LP (hereinafter, the "Defendant" or "Wal-Mart"), seeks an "audio recording submitted to the EEOC", in another, unrelated charge filed by Sean Copeland (Charge No. 423-2013-01090). The subpoena is addressed to the Jackson Area Office of the Equal Employment Opportunity Commission.

Despite the Commission's good faith effort to resolve this dispute and its previous receipt of all disclosable documents in the aforementioned requested file, Defendant refused to withdraw its subpoena. As explained with greater particularity below, the subpoena is substantively defective. Specifically, the subpoena seeks information that is prohibited of

1

disclosure by EEOC's procedural rules and regulations, is wasteful of public resources, and is protected from disclosure by statute and privilege. Moreover, the Commission is prohibited from producing any type of records unrelated to the charge underlying the current litigation. Accordingly, the EEOC seeks to quash and/or modify this subpoena and have a protective order issued preventing Defendant from seeking any additional requests for information and/or documents regarding Charge No. 423-2013-01090.

## I. FACTS

### A. *The Charge of Discrimination At Issue*

On March 26, 2013 Mr. Sean Copeland filed a charge (Charge No. 423-2013-01090) alleging sexual harassment under Title VII of the Civil Rights Act of 1964 by Ms. Cheryl Bowden-Walker, (hereinafter "Plaintiff" or "Ms. Bowden-Walker"), a former Wal-Mart associate. As part of the Commission's investigation, an audio tape was produced which is the subject of the aforementioned subpoena. However, no litigation resulted out of the charge of discrimination.

### B. *The Underlying Charge of Discrimination*

Before filing her lawsuit, Ms. Bowden-Walker filed a charge of discrimination with the EEOC (Charge No. 423-2014-00453) against Defendant, alleging disability discrimination under the Americans with Disabilities Act ("ADA"). Mr. Steven R. Cupp represents Wal-Mart in federal court litigation that was filed by Ms. Bowden-Walker. While employed by Wal-Mart, Ms. Bowden-Walker supervised Mr. Copeland for a period of time. The Commission conducted an investigation and a Notice of Right to Sue was issued on October 30, 2014 at Ms. Bowden-Walker's request.

### C. *Underlying Court Action*

2

Subsequently, Ms. Bowden-Walker brought this employment discrimination suit on November 26, 2014 against Defendant based upon the conduct alleged in her charge of discrimination. In the complaint, Plaintiff asserts various claims, including disability discrimination under the ADA.  With respect to her ADA claims, Plaintiff alleges Defendant wrongly discriminated against her because of her disability in violation of the Americans with Disabilities Act in that Defendant totally failed to engage in the interactive process to reasonably accommodate Plaintiff's restrictions. In addition, Plaintiff claims Defendant retaliated against Plaintiff for taking properly documented and approved FMLA leave.  On January 14, 2015, Defendant filed its Answer.  In its Answer, Defendant generally denied Plaintiff's claims and asserted various affirmative defenses.  As to the ADA claim, Defendant contends that employment decisions about which Plaintiff complains were based on legitimate, non-discriminatory business reasons by her employer and not due to discriminatory animus. Defendant also asserted various affirmative defenses including failure to mitigate claims. It appears that the parties have engaged in pre-discovery regarding the allegations of the complaint and of the Answer.  The most recent docket filing is docket number 16.

On January 1, 2015, before filing its Answer and as allowed by applicable federal regulation, Defendant submitted a Freedom of Information Act ("FOIA") request with respect to Charge No. 423-2014-00453.  On February 10, 2015, the Commission complied with Defendant's FOIA request.  Defendant sent another FOIA request on April 9, 2015 requesting an "audio recording."  Defendant was advised that the Commission had disclosed all non-privileged documents and that Charge No. 423-2014-00453 did not contain an audio recording.

### D.  Defendant Attempts Service of an Invalid Subpoena

On March 23, 2015, the EEOC's Jackson Area Office received a subpoena dated March 19, 2015[1]. In the subpoena, Defendant set forth that it intended to seek an audio recording that Mr. Sean Copeland provided to the EEOC during the investigation of his EEOC Charge No. 423-2013-01090 alleging sex harassment. Defendant claims the audio recording that Mr. Copeland provided to the EEOC regarding Ms. Bowden-Walker is an important piece of evidence that the parties will need to obtain from the EEOC as the case progresses in federal court.

In response, the Commission sent Defendant a letter on April 3, 2015[2] outlining associated defects with the subpoena. First, the Commission advised that to the extent Defendant's subpoena seeks records maintained by the Commission pursuant to the statutes it enforces, the Commission is prohibited from producing any type of records. Pursuant to the same statutes, the deliberative process privilege, privacy protections, and FRCP Rule 45(c), the Commission objected to production or inspection of the subject documents and would not produce the documents requested without an Order of Court. Substantively, the Commission also noted that Title VII of the Civil Rights Act of 1964 includes disclosure prohibitions, which in addition to those in the Freedom of Information Act (FOIA), 5 U.S.C. §552, as amended, have the effect of limiting disclosure of internal Commission investigative files to members of the public. Defendant was also advised that any effort to seek a copy of the file in a manner that contravenes these statutes will be resisted by the Commission. As a courtesy, the Commission shared a copy of FOIA exemptions to disclosure. Despite our clear objections, Defendant moved forward with its demand for the audio recording and threatened to file a motion to enforce the subpoena the following week and obtain a court order.

---

[1] Exhibit A
[2] Exhibit B

On May 1, 2015, Defendant re-issued the subpoena addressed to the Jackson Area Office of the U.S. Equal Employment Opportunity Commission and returnable on May 22, 2015.[3] Defendant simultaneously served the same subpoena to the Office of the United States Attorney for the Southern District of Mississippi (Gulfport Office). The subpoena was hand-delivered and also included a demand for documents from the EEOC. Similar to its earlier subpoena, Defendant requested the same information as before, despite being advised of regulations and law that contravenes its request. The return date for the subpoena is May 22, 2015 by 10:00 a.m. at Defendant's office in Gulfport, Mississippi. Upon receipt of the subpoena, on May 6, 2015[4] Assistant United States Attorney, Mitzi Dease Paige, sent correspondence to Defendant. Like the Commission's earlier statement to Defendant, Ms. Paige advised Defendant that disclosure of EEOC records and information in administrative or judicial proceedings is controlled by statute and regulation. Ms. Paige further warned that the referenced provisions of the Code of Federal Regulations are not intended to, and do not, create any right or benefit, substantive or procedural against the United States. Lastly, Ms. Paige advised Defendant that the EEOC reserves its rights under 28 C.F.R. Sections 1610.30-36 and Defendant's compliance with the referenced regulations may not obligate the EEOC to release the information Defendant seeks.

Defendant responded to Ms. Paige's letter on May 7, 2015[5]. Through its communication Defendant stated that pursuant to its status as a party in the case *Bowden-Walker v. Wal-Mart East, LP* and the Freedom of Information Act, it requested that the EEOC furnish a copy of Mr. Copeland's EEOC file, including any and all audio recordings concerning Mr. Copeland. Defendant also described its initial attempts to secure the audio recording from

---

[3] Exhibit C
[4] Exhibit D
[5] Exhibit E

5

the EEOC's Jackson Area Office and the EEOC's denial of its disclosure. To date, the Defendant refuses to withdraw its subpoena.

## II. STANDARD OF REVIEW

### A. *Motion to Quash*

Pursuant to Rule 45(c)(3)(a)(iii) and (iv) of the Federal Rules of Civil Procedure, "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . requires disclosure of privileged or other protected matter and no exception or waiver applies, or . . . subjects a person to undue burden." "Whether a subpoena subjects a witness to undue burden generally raises a question of the subpoena's reasonableness, which 'requires a court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it.'" *Advanced Technology Incubator, Inc. v. Sharp Corp*., 263 F.R.D. 395, 399 (5th Cir. 2009). "[T]his balance of the subpoena's benefits and burdens calls upon the court to consider whether the information is necessary and unavailable from any other source." *Id.*

### B. *Motion for Protective Order*

A movant seeking a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure must establish good cause and a specific need for protection. *Lee v. Pearl River Basin Land & Development Co., LLC*, 2014 WL 1050787, *4 (E.D.La. 2014). "'Good cause' exists when justice requires the protection of a party from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* (citing FED. R. CIV. P. 26(c)). When the potential for abuse of procedure is high, the Court can and should act within its discretion to limit the discovery process, even if relevancy is determined. *E.E.O.C. v. Signal Intern., L.L.C.*, 2013 WL 4854136, *8 (E.D.La. 2013).

### III. ARGUMENT

Federal law prohibits the EEOC from providing Defendant with information from other individuals' case records. As the EEOC has already provided Defendant with a complete copy of all non-privileged information in Ms. Bowden-Walker's charge record, the EEOC respectfully requests that the Court quash and/or modify this subpoena and issue a protective order from any additional requests for information and/or documents by Defendant regarding Charge No. 423-2013-01090.

### A. *Federal Law Prohibits the EEOC from Providing Defendant with Information From Other Individuals' Cases*

Defendant seeks information from the case record of another individual, Sean Copeland. However, the Privacy Act prohibits the EEOC from disclosing Mr. Copeland's records to Defendant. The Privacy Act prohibits the disclosure of "any record which is contained in a system of records by any means of communication to any person" absent written request by, or the prior written consent of, the individual to whom the record pertains, unless the disclosure falls within one of twelve statutory exemptions. 5 U.S.C. § 552a(b). *See also* 29 C.F.R. § 1611.10 ("The Commission shall not disclose any record which is contained in a system of records it maintains, by any means of communication to any person or to another agency, except pursuant to written request by, or with the prior written consent of the individual to whom the record pertains, unless the disclosure is authorized by one or more provisions of 5 U.S.C. § 552a(b)"). "[T]he term 'record' means any item, collection or grouping of information about an individual that is maintained by an agency. . . ." 5 U.S.C. § 552a(a)(4). "[T]he term 'system of records' means a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some

7

identifying number, symbol or other identifying particular assigned to the individual. . . ." 5 U.S.C. § 552a(a)(5).

As the Southern Mississippi District Court recently observed, the Privacy Act's prohibition on unauthorized disclosures has been interpreted broadly, to include oral disclosures, and " 'safeguards the public from unwarranted collection, maintenance, use and dissemination of personal information contained in agency records ... by allowing an individual to participate in ensuring that his records are accurate and properly used." *Semrau v. U. S. Immigration and Customs Enforcement*, 2014 WL 4626708,*4 (S.D. Miss. 2014) (quoting *Jacobs v. National Drug Intelligence Center*, 423 F.3d 512, 515 (5th Cir.2005)). As Mr. Copeland has not authorized the disclosure of his records to Defendant as required by the Privacy Act, and because none of the twelve statutory exemptions set forth in Section 552a(b) of the Privacy Act apply in the present case, the Commission respectfully requests that its EEOC's Motion to Quash and/or Modify Subpoena and Motion for Protective Order be granted.

    **B.** *The EEOC May Not Disclose Documents Contained in Charges of Discrimination That Were Not Filed Against the Defendant under Sections 706(b) and 709(e) of Title VII of the Civil Rights Act of 1964.*

Alternatively, this Court should quash Defendant's subpoena insofar as it requests records which the EEOC is prohibited from disclosing under Section 706(b) and 709(e) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(b),-8(e). Here, Defendant is seeking an audio recording submitted by Sean Copeland during EEOC's investigation of (Charge No. 423-2013-01090).  The Commission cannot not release information contained in an EEOC closed charge file to a member of the public of which, in this instance, is Wal-Mart.

8

Section 706(b) states that "[c]harges shall not be made public by the Commission…Any person who makes public information in violation of this subsection shall be fined not more that $1000 or imprisoned for not more than one year, or both." 42 U.S.C. §2000e-5(b). Section 709(e) also states unequivocally:

> [i] Shall be unlawful for any officer or employee for the commission to make public in any manner whatever any information obtained by the Commission pursuant to its authority under this section prior to the institution of any proceeding under this subchapter involving such information.

Disclosure of information within Charge No. 423-2013-01090 is prohibited since there is no pending litigation involving the individual who filed the charge and Defendant is considered a member of the public. *E.E.O.C. v. Associated Dry Goods Corp.*, 449 U.S. 590 (1981). Further, Section 709(e) prohibits the EEOC from complying with the subpoena because it seeks disclosure of information regarding Charge No. 423-2013-01090 prior to the institution of any proceedings under Title VII with respect to that charge.

### C. Additional Discovery Requests by Defendant Are Unduly Burdensome and Harassing, as the EEOC Has Already Provided Defendant with All Non-Privileged Information in Ms. Bowden-Walker's Charge Record

As mentioned above, the Commission has produced all non-privileged documents contained in the Bowden-Walker administrative file pursuant to Defendant's Section 83 file disclosure request. The administrative file contains all of the information gathered by the Commission during its investigation of EEOC charge number 423-2014-00453. Production of these documents should be sufficient to satisfy the underlying basis for the subpoena itself. Further, Defendant's additional request for information is unduly burdensome, duplicative and harassing. Federal Rule of Civil Procedure 26(b)(2)(C)(i) provides that, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative

9

or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *Chaput v. Griffin*, 2014 WL 7150247, *5 (N.D. Texas 2014)(citing FED. R. CIV. P. 26(b)(2)(C)).

## IV.   CONCLUSION

The EEOC respectfully requests that the Court grant the EEOC's Motion to Quash and/or Modify Subpoena and Motion for Protective Order from any additional requests for information and/or documents by Defendant regarding Sean Copeland (Charge No. 423-2013-01090). The EEOC also requests that the Court grant any other relief to which the Court determines the EEOC is entitled.

Respectfully submitted, this 13th day of May, 2015.

C. EMANUEL SMITH
Regional Attorney
Mississippi Bar # 7473

MARSHA L. RUCKER
Acting Supervisory Trial Attorney
PA Bar # 90041

*/s/Harriett Johnson*
HARRIETT JOHNSON
Trial Attorney
MS Bar # 103149

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
 Dr. A. H. McCoy Federal Building
100 W. Capitol Street, Suite 338
Jackson, Mississippi 39269
Office Phone: (601) 948-8454
Cell Phone: (205) 410-6099
Fax: (601) 948-8401
harriett.johnson@eeoc.gov

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

**Steven R. Cupp**
**Jaklyn Wrigley**
Fisher & Phillips
2505 14th Street, Suite 300
Gulfport, Mississippi 39501


**Robert Nicholas Norris**
Watson & Norris PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216-4916



*/s/ Harriett Johnson*
Harriett Johnson