IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| **CHERYL D. BOWDEN-WALKER** ] | | |
|     **Plaintiff,** ] | | |
| ] | **Civil Action No.** | |
| ] | | |
| ] | **3:14-CV-917-CWR-FKB** | |
| ] | | |
| **V.** ] | | |
| ] | | |
| **WAL-MART STORES EAST, LP** ] | | |
|     **Defendant.** ] | | |

**JOINT PROTECTIVE ORDER**

Pursuant to the Court's July 22, 2015 Order (ECF No. 41), the undersigned parties agree that certain records to be produced by the Equal Opportunity Commission ("EEOC") in response to Defendant Wal-Mart Stores East L.P.'s ("Wal-Mart") subpoena should be protected against disclosure and dissemination by means of this Joint Protective Order (the "Order").

THEREFORE, IT IS HEREBY ORDERED THAT:

1. <u>General Scope of the Agreement</u>.  This Order shall govern the production of the audio recording (the "Audio Recording") that Sean Copeland submitted to the EEOC in support of his charge of discrimination (Charge No. 423-2013-001090).

2. <u>Designation as Confidential.</u>  The Audio Recording shall be designated as confidential. Such designation shall be made at the time the EEOC produces the Audio Recording to Wal-Mart.  Because the Audio Recording is an intangible record, it may not be able to be physically designed as "Confidential." Nonetheless, the undersigned parties agree to treat the Audio Recording as confidential despite the absence of a stamp or other conspicuous designation. To

1

the extent the Audio Recording is produced on a compact disc or other tangible medium, the disc or other tangible medium will bear the designation of "Confidential."

3. <u>Restricted Use of Information</u>.

(a) The Audio Recording shall only be disclosed to the following individuals, absent the express written consent of the EEOC:

    (i) the Court (including the Clerk's office, stenographic reporters, videographers, and any other person engaged in such proceedings who is necessary for the preparation for trial or the trial of this action);

    (ii) counsel of record, as well as their staff members and other law firm employees;

    (iii) experts or service contractors (e.g., court reporters or outside photocopying or imaging services) associated by the parties regarding this action; or

    (iv) the parties, including officers or managers of a party who have a need to know the information for purposes of this litigation.

(b) The Audio Recording shall be used solely for the purposes of the above-referenced action, and may not be disclosed under any circumstances to anyone not identified in Paragraph 3(a). Specifically, use of the Audio Recording for the purposes of this matter, or in any hearing or appeal in connection with the disposition of this matter, shall in no way permit the use of the Audio Recording for or in connection with any other lawsuit, action, hearing or proceeding, without further order of the Court or pursuant to a subpoena.

4. <u>Acknowledgment of Agreement</u>. All persons to whom the Audio Recording is disclosed pursuant to this Order shall be bound by this Order. It shall be the responsibility of counsel for

each party to this action to ensure that persons authorized to receive the Audio Recording have knowledge of the terms of this Order and agree to be bound by them. Any persons breaching the provisions of this Order are subject to the contempt powers of this Court.

5. <u>Use of Confidential Materials in this Case.</u> Nothing in this Order shall prevent or impair a party's use of the Audio Recording in relation to this litigation, including use in motion papers, affidavits, briefs, other papers and depositions filed with the Court, or at any deposition, hearing, conference, or trial so long as the confidentiality of the Audio Recording is protected as provided herein. The audio filing shall not be filed with the court without first filing a motion to file the audio recording under seal in accordance with Rule 79 of the Local Uniform Civil Rules.

6. <u>Final Disposition.</u> This Order shall remain in full force and effect following the conclusion of this litigation. Unless otherwise ordered or agreed in writing by the EEOC, within ninety (90) days after the final termination of this action, each party in possession of the Audio Recording (the "Receiving Party"), or a copy of the Audio Recording, shall return the Audio Recording to the EEOC. The Receiving Party may destroy the Audio Recording instead of returning it. Regardless of whether the Audio Recording is returned or destroyed, the Receiving Party shall, at the request of the EEOC, submit a written certification to the EEOC by the ninety-day deadline that confirms the Audio Recording has been either returned or destroyed and affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of the Audio Recording.

7. <u>Relief and Modification</u>. Except as provided above, this Order shall not prevent any party from applying to the Court for relief therefrom or from applying to the Court for further or additional protective orders, or from the Parties agreeing to modification of this Protective Order, subject to the approval of the Court.

SO ORDERED, this the 14th day of September, 2015.

      /s F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

Submitted by:

/s/ Harriett F. Johnson
Harriett F. Johnson (MSB #103149)
Equal Employment Opportunity Commission
100 W. Capitol Street, Suite 338
Jackson, MS 39269
Phone: 901.948.8454
harriett.johnson@eeoc.gov

s/ Jaklyn Wrigley
Jaklyn Wrigley (MSB # 103773)
Steven R. Cupp (MSB # 99975)
Fisher & Phillips, LLP
2505 14th Street, Suite 300
Gulfport, MS 39501
Phone: 228.822.1440
jwrigley@laborlawyers.com
scupp@laborlawyers.com

As to Form:

/s/Nick Norris
Nick Norris, Esq. (MSB # 01574)
Watson & Norris, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216
Phone: 601.968.0000
nick@watsonnorris.com