Reference #

## Individual Statement of Facts

| Your Full Name | Your Position | Facility # | Date |
|---|---|---|---|
| Cheryl Bowden-Walker | Assistant Manager | 365 | 6-10-13 |

**General Statement of Facts**

(Please use black or blue ink pen)
Please describe in writing, everything you know about the workplace incidents/issues in the space provided below. If possible, describe them in the order they occurred. For each incident/issue you describe, be sure to make clear **when** the incident happened, **where** it happened, **what** happened, **who** did and said what, and **who** was present at each. Please write down exactly what each person said or did.

On or about May 8, 2013, I, Cheryl Bowden-Walker was notified that a sexual harassment claim was made by Sean Copeland, a former APA at store 903. It was alleged that I either went to Sean's home and/or he had come to my home. I acknowleged that I have knowledge that we both live in south Jackson, but I have not ever been to the home of Sean Copeland nor has he been to mine. I was asked if I lived in an apartment and I explained that I live in a house. It was alleged that I made or he overheard sexual comments that I made about my significant other. I do not recall making any such statements. It was alleged that Sean Copeland heard innapropiate comments by myself and my peer, Lester Williams. I denied any such comments because Lester has known me since I was five years old and I see him as a father figure. It was alleged that I exposed myself to Sean. I referenced a time when Sean inquired about a tatoo on my chest that was able to be seen while I was seated in the office. I explained that I adjusted my blouse to take the tatoo from view and answered his inquiry by telling him that it is a tatoo of my children's names.

On the day prior to Sean Copeland's immediate resignation, I went over the attendance policy with Sean Copeland, Joseph Brozer and

Page 1 of 3

EXHIBIT 7

Initials CBW

**Individual Statement of Facts**

**General Statement of Facts,** *continued*

Gary Clements because there were many attendance exceptions. After explaining the policy and having each APA to sign, I reinforced that going forward any attendance exception can be a coachable offense. At this time Sean Copland revealed that he comes in late because he gets off of a second job and dont always make it in on time. He also stated that the reason he leaves early is because "honestly I'm tired". He then asked if he could take a 30 min lunch and leave 30 min early. I explained that our schedule is for business needs and any modification would have to be approved by the store manager. I told him that I would speak with Eddie Robinson about his request, but he is still required to work his shift as scheduled. The next day, he did not report to work but instead turned a letter of immediate resignation due to a "hostile work environment" from his supervisor. I notified MAPM Josh Daniels and gave him a copy of the resignation and Sean's contact information. I explained during my interview that Sean appears to be an opportunist. I recalled him telling me that he and his former supervisor did not get along. He stated to me and his fellow APAs that he would be quitting work to go back home and open a barber shop. He also stated that he was going to quit working and move back home because he had scheduled bunion surgery that would take several months to heal. He also acknowledged to me that his bunion was affecting his job performance due to pain. I was also asked about text communication with Sean. I explained that the AP Department communicates via personal cel. phone and text are used. I offered to provide access to my text messages through my carrier to refute any claims 3 involving text.

Page 2 of 3                                              Initials CBW

| Individual Statement of Facts |
|---|

Is this the first time you have told a manager or supervisor about the incidents in your statement?

Yes ☐    No ☐

If no, to whom did you report the incident? __N/A__

Date of previous report? __N/A__

What did you report? __N/A__

_____

_____

Individual Acknowledgment

I acknowledge and understand:

- **This meeting and report are confidential.** We will only share information with those who have a need to know to make an employment decision, or to further the investigation.
- You may have concerns/questions after today's conversation, if so; you may speak with the investigating manager, facility manager and/or your salaried HR Manager.
- Walmart's Discrimination & Harassment Prevention Policy strictly prohibits discrimination or harassment on the basis of a person's race, color, ancestry, ethnicity, religion, sex, pregnancy, national origin, age, disability, marital status, veteran status, sexual orientation or any other legally protected status.
- Walmart strictly prohibits any manager, supervisor, or associate from retaliating against an individual who makes a good faith complaint of a potential policy violation, including the Discrimination & Harassment Prevention Policy, or for providing a statement in connection with such a complaint. An investigation into the allegation of retaliation will be conducted. Appropriate disciplinary action up to and including termination may occur, should the investigation support that retaliation occurred against someone for making a good faith complaint.
- You can and should immediately report any perceived retaliation or other policy violation to a salaried member of management.
- The handwriting that appears in this Statement is my own. The information I have submitted in this report is true, correct and complete to the best of my knowledge.

| Individual's Name (Print) | Individual's Signature | Date |
|---|---|---|
| Cheryl Bowdon-Walker | Cheryl Walker | 6-10-13 |

4

Page __3__ of __3__                                                Initials __CBW__