THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHERYL BOWDEN-WALKER**                                         **PLAINTIFF**

**V.**                      **CIVIL ACTION NO.: 3:14-cv-917-CWR-FKB**

**WAL-MART STORES EAST, LP**                                   **DEFENDANT**

### PLAINTIFF'S RESPONSE TO DEFENDANT'S
### MOTION FOR SUMMARY JUDGMENT WITH SUPPORTING AUTHORITIES

COMES NOW, the Plaintiff, Cheryl Bowden-Walker, by and through counsel and serves this her Response to Defendant's Motion for Summary Judgment, and would show the Court the following:

#### I. BACKGROUND FACTS

Plaintiff, Cheryl Bowden-Walker, began her employment with Defendant on March 24, 2012, as a Asset Protection Manager. [Doc. 45 at p. 1]. On November 12, 2013, Plaintiff submitted a request for a accommodation to Wal-Mart's Accommodation Service Center. *Id.* at p. 5. On December 17, 2013, Defendant approved Plaintiff's request, which was supposed to provide for a Shoprider Start 3 Portable Scooter. *Id.* On December 19, 2013, Plaintiff returned to work from FMLA leave to discovery her store did not have a reasonable accommodation in place. *Id.* Plaintiff asked Luke Gleason, who was the store manager, about the accommodation. *Id.* Mr. Gleason told Plaintiff that he was unaware of the accommodation, but that Plaintiff would have to

work that day because of the busy holiday season. *Id.* The next day Plaintiff was in so much pain that she had to leave half way through her shift. *Id.* at p. 6.

## II.   STANDARDS FOR SUMMARY JUDGMENT

### A.   Summary Judgment

District courts may properly grant summary judgment only if, viewing the facts in the light most favorable to the non-movant, the movant shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56(c).*

The Fifth Circuit Court of Appeals recently modified the *McDonnell Douglas* approach in the *Rachid* case.

> The plaintiff must still demonstrate a prima facie case of discrimination; the defendant then must articulate a legitimate, non-discriminatory reason for its decision to terminate the plaintiff; and, if the defendant meets its burden of production, '[t]he plaintiff must then offer sufficient evidence to create a genuine issue of material fact 'either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another "motivating factor" is the plaintiff's protected characteristic (mixed motive[s] alternative).'

*Rachid v. Jack in the Box, Inc.*, 376 F.3d at 312; Rishel v. Nationwide Mutual Insurance Company, 297 F. Supp. 2d 854, 865 (M.D. N.C. 2003).

Summary judgment only shall be rendered when the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett.*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  The moving party bears the burden of identifying the basis for its belief that there is an absence of a genuine issue for trial, and pointing out those portions of the record that demonstrate such an absence.  *Id.*  Once the movant has made this initial showing, the nonmoving party must present competent summary judgment evidence to show a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).  Such evidence consists of specific facts that show a genuine fact issue, such that a reasonable jury might return a verdict in the nonmoving party's favor.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  All evidence and the reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

### III.   ARGUMENT

**A.   Plaintiff's Disability Discrimination Claim Survives Summary Judgment.**

To show a prima facie case of disability discrimination the plaintiff must show (1) that he/she is a qualified individual with a disability, (2) the disability and its

consequential were known by the covered employer, and (3) the employer failed to make reasonable accommodations for such known limitations. Neely v PSEG Tex, Ltd, P'ship, 725 F.3d 242, 247 (5th Cir. 2013).  Defendant cites this Court to the wrong *prima facie* case based on the allegations.  Plaintiff is claiming that she was not reasonably accommodated, and has not made a claim for terminated based on her disability.  The Defendant does not dispute that Plaintiff was disabled or that it was aware of the disability.

    Plaintiff can show the third prong as she was not reasonably accommodated when she returned to work.  Defendant asserts that a local manager was not aware of the reasonable accommodation; however, Defendant failing to notify a local manager does not allow it to escape its obligations to reasonably accommodate.  Moreover, even if the Shoprider Start 3 Portable Scooter was not provided either day the Defendant could have allowed Plaintiff to use an electric cart that is provided for customers; however, that was not offered either.  As a result of this failure to reasonably accommodate Plaintiff was required to work an entire day in pain without assistance. [Doc. 45 at p. 6].  Then the next day Plaintiff was in so much pain she had to leave work early, which also caused her to lose income. *Id.*

    **B.**    **Plaintiff Concedes Her FMLA Retaliation and Disability Retaliation Claim.**

Plaintiff concedes to the dismissal of her retaliation claims.

## CONCLUSION

As set forth above, the Plaintiff has presented circumstantial evidence of pretext to satisfy his burden to defeat the Defendant's Summary Judgment Motion. The Court should thus allow Plaintiff's claims to proceed to trial. "Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that 'the better course would be to proceed to a full trial.'" *Firman v. Life Ins. Co. of N. Am.,* 684 F.3d 533, 538 (5th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986)). In the current case, even if the standards of Rule 56 are met, the better course would be to proceed to a full trial where a jury can personally view the testimony of each witness to determine truthfulness. Moreover, there is zero likelihood of committing reversible error by denying the motion for summary judgment as the Supreme Court has made it clear a denial of a motion for summary judgment cannot be reviewed by an appellate court once there is a trial on the merits. *Ortiz v. Jordan*, 131 S. Ct. 884 (2011).

THIS, the 16th day of January, 2015.

        Respectfully submitted,

        By: /s Nick Norris
           Louis H. Watson, Jr.  (MB# 9053)
           Nick Norris (MB# 101574)
           Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC

1880 Lakeland Drive
Suite G
Jackson, Mississippi 39216
(601) 968-0000
Fax: (601) 968-0010
nick@watsonnorris.com

**CERTIFICATE OF SERVICE**

    I, Nick Norris, attorney for Plaintiff do hereby certify that I have this day filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing or mailed, via United States Mail, postage prepaid, on all counsel of record.

    SO CERTIFIED, this the 8th day of January, 2016.

    /s Nick Norris
    Nick Norris